**Not For Publication in West's Federal Reporter**
**Citation Limited Pursuant to 1st Cir. Loc. R. 32.3**

# United States Court of Appeals
## For the First Circuit

---

No. 03-1006

UNITED STATES OF AMERICA,

Appellee,

v.

PEDRO PACHECO,

Defendant, Appellant.

---

ON REMAND FROM THE UNITED STATES SUPREME COURT

---

Before

Boudin, <u>Chief Judge</u>,
Selya, <u>Circuit Judge</u>,
and Schwarzer,* <u>Senior District Judge</u>.

---

<u>Rafael Anglada-Lopez</u>, by appointment of the court, on brief for appellant.
<u>H.S. Garcia</u>, United States Attorney, <u>Sonia I. Torres-Pabón</u> and <u>Nelson Pérez-Sosa</u>, Assistant United States Attorneys, on brief for appellee.

---

July 1, 2005

---

_____

*Of the Northern District of California, sitting by designation.

**Per Curiam**.  On November 1, 2004, we affirmed the conviction of defendant-appellant Pedro Pacheco for conspiring to distribute controlled substances.  See United States v. Del Rosario et al., 388 F.3d 1, 5 (1st Cir. 2004).  At the same time, we affirmed the district court's imposition of a 235-month incarcerative sentence.  Id. at 13.  The appellant petitioned for certiorari.  While his petition was pending, the Supreme Court decided United States v. Booker, 125 S. Ct. 738 (2005).

The Court, in a routine order, thereafter granted the petition for certiorari pro forma, vacated our judgment, and remanded for further consideration in light of Booker.  See Pacheco v. United States, 125 S. Ct. 1866 (2005).  We directed the parties to submit supplemental briefs and proffers.  Having received and reviewed those materials, we again uphold Pacheco's sentence and reinstate the judgment.

We need not tarry.  The appellant argues, in substance, that his case should be remanded for resentencing because the district court sentenced him under a mandatory guidelines system. We agree that such an error occurred.  The appellant, however, did not preserve this claim of error below; thus, his contentions are reviewed for plain error.  See United States v. Antonakopoulos, 399 F.3d 68 (1st Cir. 2005).  Under that regime, the appellant must show a "reasonable probability" that the district court would have imposed a lower sentence had it realized that the sentencing

guidelines could be treated as advisory. See id. at 75; see also United States v. Heldeman, 402 F.3d 220, 224 (1st Cir. 2005).

In this type of case, we are not "overly demanding as to proof of probability." Heldeman, 402 F.3d at 224. Here, however, the appellant has offered us nothing approaching such a showing. See id. (requiring, at a bare minimum, a "reasonable indication that the district judge might well have reached a different result under advisory guidelines").

The district court said nothing that indicated any dissatisfaction with the sentence that it imposed. The few factors to which the appellant adverts in his effort to persuade us that the court would have been more lenient are unconvincing. For example, it is not enough to say that the sentencing judge is "very . . . benevolent" (even though that is true). Nor is it enough simply to point out that the district court sentenced the appellant at the low end of the guideline sentencing range. Our case law makes clear that such a circumstance, without more, is not sufficient to show a reasonable probability of prejudicial Booker error. See, e.g., United States v. Kornegay, ___ F.3d ___, ___ (1st Cir. 2005) [No. 04-1681, slip op. at 20-21]; United States v. Figuereo, 404 F.3d 537, 541-42 (1st Cir. 2005). Here, there is no "more."

We make one final point. The appellant suggests that he is now "inclined" to accept responsibility for his criminal

activity, even though he did not do so up to (and at) the time of sentencing. Passing the noncommittal nature of the statement, that sort of change of heart is not a proper consideration in determining whether a <u>Booker</u> error was prejudicial.

We need go no further. Because the appellant has failed to convince us that there is any likelihood that the district court, under an advisory guidelines system, would have imposed a sentence below the sentence actually imposed, we again affirm his conviction and sentence and order our earlier judgment reinstated.

**<u>So Ordered</u>**.